9765.  SHORES-MUELLER CO. v. FITZPATRICK *et al.*

1. The demurrer to that part of the answer in which a credit on the account was claimed, for certain boxes alleged to have been charged but not received, should have been sustained, as no such item was included in the account attached to the contract sued upon.
2. The court erred in allowing the defendants to amend their plea by setting up an agreement at variance with the written contract sued upon, since the amendment failed to allege explicitly that the additional agreement was in writing or that it was made after the execution of the written contract.
3. The evidence failed to show that certain credits allowed by the jury by virtue of an alleged agreement between the purchaser of the goods and one who was described as a "representative" of the plaintiff were authorized, there being no testimony tending to show that the alleged representative had authority to modify the written contract or make the alleged agreement.  The verdict returned necessarily depended upon the allowance of these credits, and was therefore unauthorized; and the court erred in overruling the motion for a new trial.
DECIDED JANUARY 15, 1919.

Action on guaranty; from Warren superior court—Judge Walker. April 26, 1918.

*L. D. McGregor,* for plaintiff.

*M. L. Felts,* for defendant.

WADE, C. J.  Suit was brought against Fitzpatrick and English upon a guaranty entered into by them in behalf of one Norris for the faithful performance of a contract touching the sale of merchandise and a proper accounting therefor.  The petition alleged that the balance due on the contract amounted to $805.49 principal, and the itemized statement attached thereto as an exhibit included divers things, but nowhere mentioned or referred to any boxes as an item of charge against the purchaser.  The original plea of the defendant alleged in the 7th paragraph that "Said W. J. Norris is charged with 297 oak special boxes by plaintiff, and

said boxes were not received, and should be credited on the account of said Norris." Subsequently there was an additional allegation made in an amendment to the plea, with reference to the said 297 boxes, as follows: "That at the time W. J. Norris accepted the goods purchased from Shores-Mueller Company said plaintiffs agreed to allow him to return all boxes in which goods were shipped, and to give him credit for same at twenty-five cents each. Subsequently thereto and in the fall of 1914 said W. J. Norris undertook to get the said plaintiff to accept a return of said boxes for credit, whereupon the plaintiffs refused to accept same; that said Norris held said boxes and still holds them for credit on his said account, and defendants should be allowed a credit for the value of said boxes in the sum of $74.25." Paragraph 7 of the original plea was demurred to, upon the ground that the plaintiff was not attempting to recover of the defendants any amount whatsoever for 297 oak special boxes, as alleged in that paragraph, and therefore said paragraph should be stricken. The court erred in overruling this demurrer. The amendment claiming credit for the boxes under an agreement made by the plaintiff company at the time that Norris "accepted the goods" was demurred to, upon the ground that it sought to vary the terms of the written contract sued upon, by setting up a parol agreement in conflict therewith, and furthermore was deficient in that it failed to allege definitely the number of boxes which the defendants claimed Norris had offered to return to the plaintiff company. The last objection we think is without merit, since the amendment expressly alleged that Norris had offered to return boxes aggregating in value $74.25, at the agreed price of twenty-five cents per box; from which, by easy calculation, it could be determined how many boxes were included in his offer. We think, however, the amendment was subject to the objection that it sought to vary the terms of the written contract, by setting up a parol contemporaneous agreement. While it is not alleged explicitly that this agreement by the plaintiff company, to allow the return of all boxes in which goods were shipped and give credit therefor at twenty-five cents each, was made at or before the time the written contract was executed, and in fact the allegation is that this agreement was made "at the time W. J. Norris accepted the goods purchased" from the plaintiff, nevertheless it is not clearly averred that the agreement in reference to

the return of the boxes was made *subsequently* to the execution of the contract, nor is it averred that this agreement, whether made contemporaneously or subsequently, was in writing; and the burden being upon the defendants, who did not deny the existence and validity of the contract forming the basis of the suit, to set up a legal and sufficient reason for any modification thereof (under the familiar rule that pleadings are to be construed most strongly against the pleader), we must interpret the allegations as made in the amendment to mean that the agreement was in parol and was made *at the time* the contract was signed, when constructively at least the goods were "accepted" by Norris. The validity of the contract could not be attacked by inference merely. The court therefore erred in overruling the demurrer to this amendment.

On the general grounds of the motion for a new trial, it is enough to say, that, aside from other particulars in which the evidence submitted in behalf of the defendant is somewhat unsatisfactory, the verdict was necessarily arrived at by the allowance of certain credits claimed by Norris for alleged overcharges, freights, and breakage, by virtue of an understanding or compromise agreement which he testified was entered into between him and "a representative" of the plaintiff company, who came to see him in reference to his indebtedness to the plaintiff, and canvassed with him matters in dispute; and there was positive proof in behalf of the plaintiff company that "no agent, representative, officer, member or any one else authorized to act for Shores-Mueller Company ever orally or in any [way] except by written statement or instrument entered into any contract or agreement with W. J. Norris or either of the defendants C. R. Fitzpatrick or W. E. English, and no one was ever authorized to have any oral conversation with said W. J. Norris, C. R. Fitzpatrick, or W. E. English prior to the time that the demand was made upon them for the payment of the balance due the Shores-Mueller Company." Norris testified as to a definite agreement between himself and a "representative" of the plaintiff company, whose name he did not remember, as to the amount of claims for breakage, etc., to be allowed, but no testimony was presented to show that this "representative" (if indeed he was in fact a representative of the plaintiff company) ever presented any credentials to establish his authority to even collect from Norris, and there is an entire absence of testimony showing

authority on his part to make deductions or allowances or any agreement which might have the effect of modifying the written contract, and no evidence showing or tending to show that the alleged agreements had with this representative were ever in fact ratified thereafter by the plaintiff company. It is clear, therefore, that the verdict was not authorized by the evidence, for at least some of the items deducted by the jury from the total claim of the plaintiff company were not established by proof as proper credits on the account.

It is true that there was testimony from Norris to the effect that he had received a letter from the plaintiff company which had been lost or destroyed, in which they offered, in reference "to the boxes, . . . to take them back at certain amount," which "amount" he had forgotten, but which he testified made due the sum "set out here," and further, that when he had a sufficient amount of boxes to make a shipment to the plaintiff, the plaintiff declined to take them and he had some of these boxes yet. This testimony, while apparently tending to establish that the alleged agreement to accept the return of certain boxes was made subsequently to the execution of the written contract, and was likewise a written agreement, does not make it appear how many boxes the plaintiff so agreed to accept, or even the price (except by inference) to be paid therefor. While the evidence was not apparently objected to, and was therefore before the jury for what it may have been worth, considering its indefinite character, this fact does not remove the error committed by the trial judge in overruling the demurrer to the answer, which failed to show precisely whether the agreement pleaded touching the return of the boxes was in writing or in parol and made before, at the time of, or after the execution of the contract.

For the reasons suggested above we think the trial judge erred in overruling the demurrers to the answer and the amended answer of the defendants, and in thereafter overruling the motion for a new trial. It is not necessary to pass upon questions raised by the record which are not dealt with above.

*Judgment reversed.   Jenkins and Luke, JJ., concur.*