### 25567. HOWARD *v.* POSEY.

STEPHENS, J. 1. Where, after the death of the head of a local fire-insurance agency, an employee of the agency who had transacted all the business for the agency, and was familiar with the business, obtained,

through her influence with the insurance companies represented by the agency, the appointment of another person as the head of the agency, and it was agreed in writing between them that the new appointee, as the party of the first part to the contract, would employ the former employee as the party of the second part to the contract, as a clerk and stenographer in the office of the agency, at a designated salary per month, payable so long as the party of the first part should retain the agency of one of the designated companies and the party of the second part desired to be so employed, and that should the party of the first part "cease to employ" the party of the second part "at any time," the party of the first part should "nevertheless continue to pay second party the sum of $100 per month for twenty-four months after such employment" ceased, and, on the failure of the party of the first part to pay the party of the second part any installment when due, as thus contracted, the remainder of the installments would become due and payable, but should the party of the first part cease to be the agent for the named insurance company during the "period of twenty-four months after the cessation of such employment, said payment of $100 per month shall cease at the time he ceases to be the agent for" the designated insurance company, the party of the second part, by the terms of this contract, so long as the party of the first part retains the agency of the designated insurance company, has a vested right to the payment to her of $100 a month by the party of the first part, which right can not be divested or abrogated by the cessation of her employment by the act of the party of the first part, irrespective of any right which the party of the first part may have to terminate the employment.

2. The provision in the contract that should the party of the first part "cease to employ" the party of the second part, the party of the first part shall pay the party of the second part the sum of $100 per month for twenty-four months after such employment ceases, is not ambiguous, and the contract is not subject to having read into it any meaning or understanding placed upon it by the attorney who drafted it as attorney for the party of the second part, or by the party of the first part, as against the party of the second part, that this provision in the contract means that should the party of the first part discharge the party of the second part without cause, the party of the first part should pay to the party of the second part, etc.

3. In a suit by the party of the second part against the party of the first part, to recover the monthly payments provided for in the contract after the cessation of the plaintiff's employment by the act of the defendant, and during the retention by the defendant of the agency of the insurance company, where the defendant still retained the agency of the company but failed to make payment to the plaintiff, the petition set out a cause of action, and the plea denying liability on the ground that the contract as properly construed by the attorney who drafted it for the plaintiff, and by the defendant at the time of its drafting, meant that the defendant would incur no liability to the plaintiff on the cessation of the plaintiff's employment unless the defendant had discharged the plaintiff without cause, and that the defendant had dis-

charged the plaintiff for a justifiable cause, failed to set out any defense to the plaintiff's suit. The court did not err in overruling the demurrer to the petition, and in sustaining the demurrer to the defendant's plea.

4. The directed verdict and the judgment for the plaintiff were not erroneous on the ground of any alleged antecedent errors in rulings on the pleadings as above indicated.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED NOVEMBER 30, 1936.

*William T. Townsend, Paul F. Akin,* for plaintiff in error.
*Finley & Henson,* contra.