31772.   AMERICAN ASSOCIATED COMPANIES INC. *et al.*
*v.* VAUGHN.

122

DECIDED NOVEMBER 8, 1947.

124

*Herbert J. & Joseph F. Haas,* for plaintiffs in error.

*Norman Stallings, Sutherland, Tuttle & Brennan,* contra.

FELTON, J. ■ While it is true that the petition does not allege that Armand May was a party to the original verbal contract of employment, but alleges that the contract was made with the defendant corporation, the written portion of the contract as amended shows that May signed both as president of the corpo-

ration and again in his individual capacity, and is, moreover, designated in the body of the writing as a party to the contract. No good reason is advanced why May could not individually undertake to see that the corporation carried out its agreement, in the nature of a suretyship, and no authority whatever is cited which is in point on the subject.

■ It is clear that the action is for a breach of the written contract of December 5, 1945, which embodied in its terms the executory terms of the prior oral contract, or in other words the writing is a new contract in which the terms of the oral contract are recapitulated. This is the only reasonable construction of the petition from its very wording plus the fact that the action is against the corporation and an individual who was not a party to the original oral contract.

■ Paragraph (3) of the written contract provides that the plaintiff is to receive a settlement of his share of the profits of the converting department through September 30, 1945, as shown on the books of the company heretofore audited and found correct by certain certified public accountants. There is no exception as to the period named in this paragraph and no qualification whatever with the exception of the one therein stated. The written contract supersedes all prior agreements, practices, waivers, etc., and, in the absence of fraud, accident, mistake, duress, etc., is binding as written. The petition sufficiently alleges a breach of this provision of the agreement.

Paragraph (4) of the written agreement limits the plaintiff's share of the profits for October and November, 1945, to those as computed in accordance with the practice heretofore followed by the company. The petition sufficiently alleges a breach of this paragraph. Paragraph (12) of the petition alleges: "Plaintiff has demanded payment from defendants of the amount to which he is entitled under the said contract of employment, but defendants have refused and still refuse to pay him the amounts which plaintiff herein alleges on information and belief are due to him." There was no special demurrer to the petition or any paragraph thereof for duplicity. The court did not err in overruling the general demurrer to the petition.

The rulings on the special demurrers are not argued or insisted upon and the exceptions thereto are deemed waived.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*