34296.   FISHER *v.* J. A. JONES CONSTRUCTION CO. INC.

DECIDED NOVEMBER 18, 1952—REHEARING DENIED DECEMBER 4, 1952.

*Winfield P. Jones*, for plaintiff in error.

*T. J. Long*, contra.

TOWNSEND, J. ▇ This court is in entire accord with the principle of law cited by the plaintiff in error in *Langenback* v. *Mays*, 205 *Ga.* 706 (1) (54 S. E. 2d, 401), as follows: "A distinct collateral oral agreement, not inconsistent with a written contract, is not necessarily merged therein, and one contract may be the consideration of another, the inducement to its execution, and an independent oral agreement which has been so induced may be proved and enforced though not referred to in the written contract." This rule must, of course, be considered in connection with the rule of evidence in Code § 20-704 (1) that parol evidence is inadmissible to vary a written contract; and if the collateral oral contract attempted to be set up is in fact inconsistent with the written contract and has the necessary effect of varying its terms, then the oral contract must fail. Contracts may be modified by subsequent parol agreements (*Evans* v. *Henson*, 73 *Ga. App.* 494, 37 S. E. 2d, 164), but it is not contended that there was such a novation of the terms of the contract here. If the oral representations and agreements that the plaintiff would be employed for the length of time it took to build approximately 500 houses, and that all such houses would be built and sold, had been made prior to the signing of the contract, they would be deemed to have been superseded by

the written instrument. *American Associated Companies* v. *Vaughn*, 76 *Ga. App.* 121 (3) (44 S. E. 2d, 921). The plaintiff here, however, contends that the oral agreement of the defendant to build as many houses as the layout of the subdivision would support, which was estimated to be approximately 500, was contemporaneous with the execution of the written contract, and that the court should consider it, first, as a distinct collateral agreement not inconsistent with the written contract (*Langenback* v. *Mays*, supra; *Indiana Truck Corp.* v. *Glock*, 46 *Ga. App.* 519, 168 S. E. 124), and, second, as extrinsic matter to explain an ambiguity in the contract (the number of houses to be built not being specified therein). *Wood* v. *Phoenix Ins. Co.*, 199 *Ga.* 461 (34 S. E. 2d, 688).

The contract is a contract of employment, and is complete upon its face. There is no mention therein of any definite number of houses to be built and sold, nor does the defendant bind itself therein to either build or sell any specific number of houses, or any houses at all. The employer binds himself merely "to employ party of the second part for a minimum period of 3 months from the beginning of work on said subdivision and agrees to pay [him] a weekly salary of $100 per week." The next sentence, that, "in consideration of said employment and the agreement to pay said weekly salary, party of the second part agrees to devote his full time to working out all details in connection with said subdivision," must be construed as relating to the weekly salary provision, and not as an agreement to devote the plaintiff's full time until 500 houses were built and sold. The reciprocal provisions of contracts must be of such a character as to be capable of enforcement by either party (*Pepsi-Cola Co.* v. *Wright*, 187 *Ga.* 723, 2 S. E. 2d, 73); and it would be difficult to argue that the defendant would have had a right of action against the plaintiff if, at the conclusion of such three-month period, the plaintiff had elected to terminate his contract of employment. The plaintiff claims that he was induced to enter into the contract as written by an agreement on the part of the defendant to build approximately 500 houses. The situation is, therefore, closely analagous to that of *Smith* v. *Ga. R. & Bkg. Co.*, 131 *Ga.* 470 (62 S. E. 673), where the plaintiff entered into a contract with the agent of an insurance company

to settle certain personal injuries for $1750 and signed a release for that amount, and later sued for an additional amount of money, alleging that it had been agreed that, should her injury prove permanent, the company would pay her an additional sum. The court there held that this constituted a parol agreement for the adding of other terms to the contract, and that such an agreement would "violate the rule against changing or supplementing a written agreement which is complete on its face, by parol evidence." In that case also it was alleged that the oral agreement was the inducement for executing the written instrument.

Although the contract here under consideration does not state the number of houses contemplated to be built, this alone does not make it ambiguous, for the contract could operate as efficiently whether the plaintiff built 1000 houses or 500 or none at all. The condition precedent to recovery of $25 payments was that blocks of 50 houses should be "built and sold," with the exception that the $2500, which was guaranteed to the plaintiff in any event when he entered upon his employment, and which was in the nature of a retainer, would apply as payment for the "last hundred houses" if more than 100 were built. No other construction not antagonistic to the written contract can be given, for if the defendant were only liable for houses "as built and sold," he could not, by a mere oral promise thus contemporaneously made with the written contract, make himself liable for houses not built at all, without in some way altering the terms of the contract as written. *Howard* v. *Posey*, 54 *Ga. App.* 674 (2) (188 S. E. 843). This is all the more true where the contract specifically limits the employment obligation to a three-month period, rather than to the period of time necessary to build the completed subdivision, whatever that might be. It follows that, since the contract on which the suit is based is unambiguous, and since a contemporaneous oral agreement of the kind here attempted to be set up by amendment would vary and contradict the original contract as to the length of the time of employment, the general demurrer to the petition was properly sustained.

■ Paragraphs 4, 5, and 8 of the petition, which attempt to set forth the independent agreement upon which recovery is

sought, were twice amended. The original allegation that "defendant represented to petitioner that it proposed to build approximately 500 houses" was stricken, and the wording of the first amendment that defendant "represented to and agreed with petitioner" in this regard was also stricken in favor of a third allegation that "defendant agreed with petitioner and bound itself to build said houses." The first division of this opinion has been written upon the assumption that the contemporaneous agreement was oral in nature. However, counsel for the plaintiff strongly contends that this court may not indulge in such presumption. The trial court, in sustaining the general demurrer, presumably relied upon *Shores-Mueller Co.* v. *Fitzpatrick,* 23 *Ga. App.* 251 (2) (98 S. E. 228), which held it error to allow the defendants to amend a plea by setting up a contract at variance with the contract sued upon without alleging that the agreement was in writing. This case appears to conflict with *Hawkins* v. *Studdard,* 136 *Ga.* 727, 728 (71 S. E. 1112). Ordinarily, "failure to allege that the agreement was in writing would not, in any event, render the petition demurrable, the silence of a pleader raising no presumption that a contract exists only in parol." *Grant* v. *Hart,* 192 *Ga.* 153 (5) (14 S. E. 2d, 860). Where, however, there is nothing in the petition to authorize an interpretation that the agreement alleged could be established in writing, and it is clear from the petition that the agreement alleged must be established only by parol declarations, the presumption that the agreement exists in writing is overcome. *Pantone* v. *Pantone,* 202 *Ga.* 347 (1) (46 S. E. 2d, 498). The plaintiff here sued upon the written contract attached to and made a part of his petition, and not upon some other contract, whether by parol or in writing, at variance with the one set forth. He also set forth a contemporaneous agreement which obviously could not be established as being in writing, which he seeks to show is not in conflict with the written instrument, as a part of his cause of action. However, as was pointed out in division one hereof, such alleged contemporaneous agreement is in conflict with paragraph 3 of the written contract sued upon, which paragraph fixes the minimum time the plaintiff is to be employed, and the effect of which is to relieve the defendant

from the terms of the contract beyond that date. This being so, the case will not be reversed solely because of a presumption that the contemporaneous representations, or agreements, were in writing, but rather it will be presumed that the pleader attempted to effect his best interests, and in so doing pleaded the extrinsic matter in the most favorable light within his power.

The trial court did not err in sustaining the general demurrer and dismissing the petition.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*