38322. COVINGTON *v.* BREWER *et al.*

Decided May 25, 1960.

J. S. *Kilpatrick, James Maddox,* for plaintiff in error.

E. J. *Clower, Clower & Anderson, Matthews, Maddox, Walton & Smith,* contra.

TOWNSEND, Judge. ■ Special ground 5 of the first demurrer as well as all grounds of the second demurrer are expressly abandoned. Special ground 18, not being argued, is treated as abandoned. Special grounds 11 and 13 attack paragraphs 13 and 15 of the original petition, which paragraphs were changed by amendment and no new demurrers to the paragraphs as amended were interposed. Special grounds 8, 9 and 10 contend merely that three paragraphs are "immaterial and irrelevant to any issue made by the pleadings herein" and thus are not themselves sufficiently specific to merit consideration. *Reed* v. *White,* 207 *Ga.* 623 (8) (63 S. E. 2d 597). Special demurrers 14, 15 and 16 attacked the original allegations of paragraphs 16, 17 and 18 which were later stricken and are accordingly moot.

■ Special demurrer 12 attacks paragraph 14 as being irrelevant, immaterial and a conclusion in that it is not set forth in what way the facts alleged contributed to the plaintiff's injury. This paragraph alleges certain negligence in the construction of the elevator as directly attributable to an employee of the plaintiff in error. Whether such negligence existed, and

also whether it was a part of the proximate cause of the injury would be for the jury to decide, but, since the plaintiff alleges that the elevator plunged down when he entered it because of faulty construction, the allegations are not irrelevant, and, being allegations of fact, they are not conclusions. This ground of demurrer is without merit. The same attack is made on the allegations of paragraph 20 by special demurrer 17 and on paragraphs 16, 17 and 18 as rewritten by the first three grounds of the third demurrer. They are without merit for the same reasons. It is true that in these paragraphs the plaintiff has stated a number of facts which he contends constitute negligence on the part of one or the other of the defendants in the installation of the elevator, and then he has stated merely that when he entered the elevator, and before he pressed the button, it plunged downward and caused him to sustain injuries, but the plaintiff has not otherwise attempted to explain his injuries. He has stated (1) the method of construction; (2) that this method of construction was negligent; (3) that not knowing these facts he entered the elevator, and (4) that in so doing he was injured. The conclusion that the installation of the elevator in the manner described was negligent is permissible in view of the statement that when the plaintiff entered the elevator it fell and injured him, no other reason suggesting itself at this point why the elevator would fall unless it was negligently installed. The facts alleged as to the method of installation, the plaintiff's actions, and the manner in which he was injured, are not conclusions nor are they irrelevant. As stated in *O'Dell* v. *Wolcott*, 14 *Ga. App.* 536 (3) (81 S. E. 819): "The allegations of the petition descriptive of the circumstances attendant upon the plaintiff's injury and contemporaneous therewith are properly to be considered in construing the specifications of negligence to which the special demurrer of the defendant is addressed; and when the grounds of negligence as alleged are thus considered, they are sufficient to withstand a special demurrer raising only the objection that it does not appear how the negligence alleged contributed to the injury of the plaintiff." These demurrers are without merit.

■ Special demurrers 6 and 7, along with grounds 3 and 4 of

the fourth demurrer, allege that paragraphs 6 and 8 of the petition attempt to vary and contradict the allegations of paragraph 4, to which is attached a copy of the lease contract containing the provision that "lessee hereby releases lessor from any and all damage to both person and property . . . and will hold the lessor harmless for all such damage during the term of the lease." Such a provision has been held unambiguous and not contrary to public policy. *Capital Wall Paper Co.* v. *Callan Court Co.*, 38 *Ga. App.* 428 (144 S. E. 135); *Plaza Hotel Co.* v. *Fine Products Corp.*, 87 *Ga. App.* 460 (74 S. E. 2d 372). If, accordingly, the allegations of the petition on their face conflict with the lease provisions effective as of the time of the injury, they would be ineffective to vary the terms of the written contract. Provisions in a contract of lease exempting the lessor from liability for his own negligence are generally to be strictly construed. 175 A.L.R. 89, § 47; 26 A.L.R.2d 1054, § 11. This is partly for the reason that the law does not look with favor on contracts the purpose of which is to exempt a person from his liabilities under existing law, and partly for the reason that, since contracts must be construed according to the intention of the parties at the time of their execution it will not be presumed that parties intend to contract away their legal rights in regard to a subject matter not clearly appearing therein. On June 25, 1958, when this lease was signed it was contemplated that extensive improvements would be made before the lessee entered on the premises, but the installation of an elevator was not contemplated as one of those improvements. It was further contemplated that the lease would commence on August 1, 1958, and the first monthly rental payment would be made on August 5, 1958, and that the repairs would all be completed by August 25, 1958. As the event happened, the parties entered into a subsequent oral agreement for the erection of the elevator and they further entered into an oral agreement modifying the written contract, under the terms of which rent would not be payable and the premises would not be "completely" turned over to the lessee until October 14, 1958, because of the additional length of time taken for making the repairs. A written contract may be modified by such a subsequent oral agree-

ment without violating the parol evidence rule. *Evans* v. *Henson,* 73 *Ga. App.* 494 (37 S. E. 2d 164) ; *Fisher* v. *J. A. Jones Const. Co.,* 87 *Ga. App.* 317 (73 S. E. 2d 587) ; *ABC School Supply, Inc.* v. *Brunswick-Balke-Collender Co.,* 97 *Ga. App.* 84, 93 (102 S. E. 2d 199). The lease contract was so modified in this case, and the result, under the allegations of the petition, was that certain parts of the building, including the elevator, were retained in the possession of the lessor for the purpose of making repairs, and were not turned over to the lessee, and accordingly did not come under the terms of the lease until October 14, 1958, when possession was delivered. It follows that the elevator, which did not exist and was not contemplated in the original lease contract, could not have been a part of the premises which the lessee accepted as being in good repair as of that time; when it came into existence it was retained in the possession of and for the use of the lessor until October 14, and it was in the possession of the lessor and therefore not a part of the leased premises on October 9, for which reason the indemnity provision of the lease agreement did not apply to it at that time and prior to its acceptance by the lessee.

This case closely resembles Hollander *v.* Wilson Estate Co., 214 Cal. 582 (7 P. 2d 177). There the tenant leased the fourth floor of a building, the instrument containing a provision that the lessors should not be liable for damages "for personal injuries or damages to any person or persons whatsoever, arising from or occasioned by any cause, matter or thing whatsoever; and said Lessee hereby covenants and agrees to hold said Lessor free and harmless of or from any and all damages or claims or liability for damages of every kind whatever, either to person or property and howsoever caused, arising during the term of this lease . . . in or about or connected with this tenancy or the occupancy of said demised premises." The plaintiff was injured when the hoisting cable of an elevator operated by the lessor for the benefit of all the tenants slipped off the sheave due to improper maintenance and the elevator plunged to the bottom, injuring the passengers. It was held that since the elevator was owned and controlled by the defendant it was not a subject within the scope of the lease as being in or about or connected with

the tenancy or the occupancy of the demised premises. In the present case the elevator, after its control was relinquished by the lessor to the lessee, would have become a part of the demised premises, but since it was not in existence or contemplated when the lease was executed, and was not thereafter turned over to the lessee under the terms of the lease, it was not a part of the demised premises at the time of the injury so that the indemnity provision of the lease could be invoked as a defense by the lessor, he being entitled to such provision only as to those portions of the premises in existence and accepted by the lessee at the time the lease was executed, or thereafter accepted by and under the sole control of the lessee during the existence of the lease.

It is further argued by the plaintiff in error that if the lessee was not a tenant as to this elevator he must have been either a licensee or trespasser. This posittition is clearly not sustainable for the reason that it is alleged that the plaintiff was on the defendant's elevator at the invitation of the defendant's agent for the purpose of going to another part of the premises to consult with him about the making of certain repairs. Whether or not the lease agreement was in effect at all (the allegation being that rent was not to begin until October 15), the plaintiff was an invitee of the defendant on that part of the premises over which the defendant retained control.

The trial court did not err in overruling the general and special demurrers to the petition.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*