34380. PLAZA HOTEL COMPANY *v.* FINE PRODUCTS CORPORATION.

Decided January 27, 1953.

*Congdon, Harper & Leonard,* for plaintiff in error.

*Hull, Willingham, Towill & Norman,* contra.

TOWNSEND, J. (After stating the foregoing facts.) A lessee may, by express lease provision, release a lessor from liability as the result of damage to person or property which is due to the negligence of the landlord or which he would otherwise have a duty, imposed by statute, to prevent. Conceding that, in the absence of a contrary stipulation, the duty would rest upon the landlord here to repair the roof immediately over a portion of the premises rented to the plaintiff, and that he would be liable for damages resulting from his failure to do so, the lease here contains an explicit provision holding the lessor harmless "from any and all damage to person and property" on the leased premises sustained during the term of the lease. This provision is substantially identical with a lease provision in *Capital Wall Paper Co.* v. *Callan Court Co.,* 38 *Ga. App.* 428 (144 S. E. 135) as follows: ."the lessor will not be responsible to the tenant or any other person for any loss of or damage to property, however occurring." It was there held that where the damage to the lessee's stock of goods resulted directly from the breach of a covenant by the landlord to furnish heat, the landlord would nevertheless not be liable in damages where by lease provision he was specifically exempted therefrom.

The construction of contracts is for the court, parol evidence being inadmissible except as to explanation of ambiguities and the surrounding circumstances of the transaction. Code, §§ 20-701, 20-704(1). The lease provision with which we are dealing was held, in *Capital Wall Paper Co.* v. *Callan Court Co.,* supra, to be unambiguous in the intention thereby expressed to release the lessor from all damage to property occurring on the leased premises. Accordingly, the statement of the witness Buford, president of the defendant corporation, to the effect that he considered the defendant liable to the plaintiff, and the co-

tenant Pate liable over to it, was not proper evidence for the court to consider in construing the lease contract, but was, rather, the statement of an erroneous conclusion of law on the part of the witness. If considered as a promise to pay for the damage to the lessee's goods, it was without consideration and in consequence not binding upon the defendant. Code, § 20-301; *Massell* v. *Fourth National Bank of Macon,* 38 *Ga. App.* 601 (4) (144 S. E. 806).

Regardless of whether or not a duty rested upon the landlord to repair the roof so as to prevent it from leaking, the defendant, by express stipulation in the lease agreement, is here relieved from liability for the damage resulting therefrom to the plaintiff's goods. It was, accordingly, error to direct a verdict for the plaintiff.

*Judgment reversed. Gardner, P.J., and Carlisle, J., concur.*