## 47276. CAMP et al. v. ROSWELL WIEUCA COURT APARTMENTS et al.

PANNELL, Judge. This case is in this court on a joint appeal in six cases involving actions brought against a landlord owner of an apartment complex and the landlord's agent seeking recovery of damages to persons and property resulting from a fire allegedly caused by a defective heater in one of the apartments, based upon the negligent failure to repair this heater and upon negligent construction of buildings permitting the fire to spread, one of the cases being an action by a husband and wife. A motion for summary judgment by the defendants in each case was sustained by the trial judge in a single order and plaintiffs filed a joint appeal to this court. *Held:*

1. (a) In view of the provisions in each of the leases that "It is expressly agreed and understood that Lessee releases Lessor and/or Agent from any and all damage or injury to person or property of Lessee suffered upon the premises herein leased, and will hold the Lessor and/or Agent harmless from all damages sustained during the term of this lease," there was no error in sustaining the motion for summary judgment in those cases brought by all appellees who were signatories to the leases, to wit: Dorothy L. Camp, Martha Heath, Richard B. Sands, Kathryn Spano and Mr. Lai Quan. *Ragland v. Rooker,* 124 Ga. App. 361, 366 (183 SE2d 579); *Capital Wall Paper Co. v. Callan Court Co.,* 38 Ga. App. 428 (144 SE 135); *Plaza Hotel Co. v. Fine Products Corp.,* 87 Ga. App. 460 (74 SE2d 372); *Carter v. Noe,* 118 Ga. App. 298 (163 SE2d 348).

(b) That Mrs. Quan, a complainant in the suit with her husband, negotiated the lease and signed the husband's name thereto, who ratified such action and that she had notice of the contents of the lease did not make her a signatory thereto so as to be bound as a lessee by the release clause.

(c) While such a release would be ineffective as to the wilful and wanton acts of the landlord (*King v. Smith,* 47 Ga. App. 360, 364 (170 SE 546)), none of the complaints alleged wilful and wanton acts, but are based solely upon negligence; nor does the appellant cite to the court any references to the record or transcript where evidence of wilful and wanton conduct can be found. See Rule 18 (a) (1) and Rule 18 (c) (3) (ii).

2. However, this principle of release does not apply to complainants Pamela B. Sands and Mrs. Lai Quan, neither of whom was a signatory to the lease as to the premises which they were occupying, their husbands only being the signatories thereto. See *Ragland v. Rooker,* 124 Ga. App. 361, 366, supra, citing *Greene v. Birdsey,* 47 Ga. App. 424 (170 SE 681); *Leonard v. Fulton Nat. Bank,* 86 Ga. App. 635 (72 SE2d 93); *Levy v. Logan,* 99 Ga. App. 253, 255 (108 SE2d 307).

Accordingly, it was error to grant summary judgments in favor of the defendants as to complainants Pamela B. Sands and Mrs. Lai Quan.

*Judgment affirmed in part; reversed in part. Hall, P. J., and Quillian, J., concur.*

ARGUED JUNE 6, 1972—DECIDED SEPTEMBER 6, 1972—REHEARING DENIED SEPTEMBER 20, 1972—

*Fred F. Filsoof, Edwin M. Saginar,* for appellants.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for appellees.