## 48235. AKIN v. HARDEMAN-LONG CORPORATION.

QUILLIAN, Judge. John Akin instituted an action in the Fulton County Superior Court against Hardeman-Long Corporation for the recovery of damages sustained to his personal property as a result of a fire which occurred on February 12, 1971 in the Chateau Villa Apartments, located at 4717 Roswell Road, N. E., Atlanta, Fulton County, Georgia. At the time of the occurrence in question, plaintiff occupied certain premises in the apartments under written lease from Hardeman-Long, which owned, operated and leased the various living units in the apartment complex. Plaintiff alleged that Hardeman-Long, as lessor of the premises, was negligent in several respects in

connection with that fire, which negligence is alleged to have proximately caused and contributed to the damages for which recovery is sought in this litigation.

Following preliminary discovery, Hardeman-Long moved for summary judgment predicated on language contained in the lease agreement between the parties. Prior to the hearing on the motion, Akin amended his complaint to add a second count which alleged gross negligence on the part of Hardeman-Long and left count 1 of the amended complaint purporting to state a claim based upon simple negligence. At the hearing on the motion, the trial judge granted Hardeman-Long's motion for summary judgment as to the claims of Akin under count 1 of the amended complaint and denied the remaining portions of that motion. Appeal was taken from the order duly entered. *Held:*

The lease in the instant case contained a provision which reads as follows: "It is expressly agreed and understood that Lessee releases Lessor and/or Agents from any and all damage or injury to person or property of Lessee suffered upon the premises herein leased, and will hold the Lessor and/or Agents harmless from all damages sustained during the term of this lease."

In *Camp v. Roswell Wieuca Court Apts.,* 127 Ga. App. 67 (192 SE2d 499), this court considered a lease containing almost identical provisions to those in the present case. There, plaintiff sought recovery of damages to persons and property resulting from a fire allegedly caused by a defective heater in an apartment owned by defendant and upon negligent construction of the buildings. This court upheld the sustaining of the defendant's motion for summary judgment since the plaintiffs who were signatories to the leases were barred by the provisions thereof. See also *Carter v. Noe,* 118 Ga. App. 298 (163 SE2d 348).

We are not persuaded by the plaintiff's arguments to distinguish the *Camp* case and we decline to overrule it. That case being controlling of the issues here, the judgment must be affirmed.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED MAY 29, 1973 — DECIDED JUNE 26, 1973.

*Sutherland, Asbill & Brennan, J. D. Fleming, Jr., Carey P. DeDeyn,* for appellant.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for appellee.