48984. SPORT SHOP, INC. v. CHURCHWELL et al.

QUILLIAN, Judge.

The Sport Shop, Inc., filed a complaint against Automatic Sprinkler Corporation, The Phoenix Building Company, a partnership composed of Allen F. Churchwell and Florrie Ann Hall (hereinafter referred to as Phoenix), and Allen F. Churchwell and Florrie Ann

Hall, individually. It was alleged that the plaintiff had its principal place of business at 501 Elizabeth Street in Waycross; that this building was leased to the plaintiff by Phoenix. It further alleged that the defendants had installed in the building an automatic sprinkler device, the care, maintenance and inspection of which were their responsibility; that a fire broke out in the building sufficient to engage the automatic sprinkler system, but that the alarm bell failed to function and thus there was no warning of the fire; that as a result of this there was extensive damage done to the building by the water from the sprinkler system. It was further alleged that the damage suffered by the plaintiff was occasioned by, and is the direct result of, negligence on the part of the defendants, such negligence was itemized in the complaint which sought recovery of $25,713.53 against the defendants.

Phoenix (the appellees in this case) filed an answer and also set forth as an affirmative defense the provision in the lease between the parties which contained what was alleged to be an exculpatory clause precluding the plaintiff from maintaining any action against Phoenix. Phoenix then moved for summary judgment based on an affidavit of Allen Churchwell. In the affidavit it was recited that a certain lease agreement was controlling as to the issues of the case and the affiant made certain statements that this was indeed the agreement between the parties. The plaintiff introduced an affidavit which tended to show that the lease agreement could not have been the one in existence between the parties at the time alleged in the defendant's affidavit. A supplemental affidavit of Allen Churchwell was then filed which stated that the other affidavit contained several errors and attempted to correct them. Phoenix also filed an affidavit by one Larry Mathison, comptroller of the company, which contained statements with regard to a lease which the affiant stated did contain the terms under which the parties were bound for the time in question.

The motion for summary judgment came on for hearing at which the trial judge found in favor of Phoenix, granting the motion as to Phoenix and as to the two individual defendants. In his order the trial judge

noted that the plaintiff had filed an affidavit on the day of the hearing but because of the late filing he declined to consider it in ruling on the motion. A notice of appeal was filed from this judgment. *Held:*

1. It is well settled that where an issue of credibility is involved summary judgment should not be granted. *Raven v. Dodd's Auto Sales & Service,* 117 Ga. App. 416, 421 (160 SE2d 633); *Capital Automobile Co. v. GMAC,* 119 Ga. App. 186 (2) (166 SE2d 584); *Mathis v. R. H. Smallings & Sons,* 125 Ga. App. 810 (189 SE2d 122); *Columbia Drug Co. v. Cook,* 127 Ga. App. 490, 492 (194 SE2d 286). However, the cases cited either concern situations where the testimony of the one whose credibility was involved was the only one to support a certain fact or there was otherwise an issue of fact involved. Here there was no issue made as to the facts testified to but only as to the credibility of one of two witnesses who testified as to the existence of certain facts and of a certain lease. The second witness' credibility was not attacked. His testimony contained in an affidavit established that the lease contract was the one claimed for by the two defendants. Although it is argued that the matter contained in the affidavit was conclusory, we find no merit in this contention. Hence, the proof offered did show, as a matter of law, that the lease contract was in effect during the pertinent time herein involved.

2. The lease contract contained the following provision: "4. It is further agreed: That *Lessor shall not be held liable or responsible for, and Lessee shall hold Lessor harmless for, any damage or injury to the person or property of Lessee,* its agents, employees, patrons, or others while in, on, passing, entering or leaving said premises; and for no other damage or injury unless caused as a direct result of wilful neglect on the part of Lessor and as a direct result of a hazardous condition the existence of which Lessor shall have had prior written notice from Lessee and shall, in their opinion, have had sufficient time and means to correct or prevent. To the extent of this paragraph, Lessee hereby assumes full responsibility for all such damages." (Emphasis supplied.) In *Capital Wall Paper Co. v. Callan Court Co.,* 38 Ga. App. 428 (1) (144 SE2d 135), this court considered

the following provision in a lease contract: "The lessor will not be responsible to the tenant or any other person for any loss of or damage to property, however occurring." It was held to constitute a release as between the lessor and the lessee. In subsequent cases (*Plaza Hotel Co. v. Fine Products Corp.,* 87 Ga. App. 460, 462 (74 SE2d 372); *Carter v. Noe,* 118 Ga. App. 298 (1) (163 SE2d 348); *Camp v. Roswell Wieuca Court Apartments,* 127 Ga. App. 67 (192 SE2d 499)), this court reiterated the rule that a release would serve to absolve the lessor from liability.

*Scarboro Enterprises v. Hirsh,* 119 Ga. App. 866, 869 (169 SE2d 182) involved the application of an indemnity agreement which we held would not preclude the lessee from suing the lessor. It is not controlling in this case.

The defendants having established the existence of the lease agreement and an exculpatory clause therein which would serve to relieve them from liability under the factual situation presented by the plaintiff's pleadings, the grant of summary judgment was not error.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

SUBMITTED JANUARY 8, 1974 — DECIDED MAY 2, 1974.

*Schreiber & Rozier, Ronald B. Thomas,* for appellant.

*Watson, Spence, Lowe & Chambless, Frank H. Lowe, Jr.,* for appellees.