## 50141. SMITH v. GENERAL APARTMENT COMPANY.

CLARK, Judge.

In this tort action, plaintiff, a tenant, appeals from the grant of summary judgment to defendant, her landlord.

Plaintiff seeks to recover for injuries resulting from a rape committed upon her in her apartment by an intruder who gained entrance by a passkey. Her complaint is couched in four counts. Pertinent portions of the third count allege that at the time of this incident, defendant landlord had knowledge that other such episodes had occurred in its apartment complex and that defendant was also aware that the intruders involved in such cases had obtained entry by means of a passkey; that "As a result of such knowledge, defendant was in a unique position to warn and safeguard the female tenants occupying the premises, yet defendant deliberately

refrained from conveying any warning to these tenants, and instituted no protective measures in order to safeguard them from imminent peril of which it had direct knowledge."

Defendant denied the material allegations of the complaint and set forth four separate defenses. One such defense states: "Pursuant to the terms of the lease agreement entered into between plaintiff and defendant ... the defendant is in no manner whatsoever liable to the plaintiff as alleged, and the defendant is expressly released from any and all liability to plaintiff arising out of the occurrence sued upon." Another declares: "The sole and proximate cause of the occurrence sued upon was a supervening and independent criminal act of a third person for which the defendant is in no manner whatsoever liable."

Based upon the pleadings, the oral arguments of counsel and the defendant's brief, the trial court granted defendant's motion for summary judgment.[1] This judgment was predicated upon the two defenses related above. The order recites: "(1) Paragraph number 8 of the lease agreement ('Exhibit A' to the plaintiff's complaint) between the parties is an express release, limiting the liability of the landlord and thereby exonerating him from liability as asserted by plaintiff; (2) plaintiff's injuries were the result of the criminal act of a third-party and consequently [plaintiff] may not recover for them from the defendant as a matter of law. Accordingly, it is hereby ordered that defendant's motion for summary judgment be granted and that judgment be entered in favor of defendant."

From this adverse judgment, plaintiff prosecutes this appeal. *Held:*

---

[1]Although plaintiff's deposition and defendant's answers to interrogatories were apparently available to the court, the court did not consider this evidence in ruling upon defendant's motion. Accordingly this court will look only to the pleadings to determine whether the grant of summary judgment was proper. See *Brackett v. H. R. Block & Co.*, 119 Ga. App. 144 (1) (166 SE2d 369).

1. Paragraph 8 of the lease agreement, upon which the trial court relied, reads, in part: "Tenant does hereby release and agrees to indemnify and hold harmless landlord from and against any and all claims for damages to person or property arising out of or resulting from damage or loss alleged to have been sustained by tenant." Such exculpatory provisions between a lessor and lessee effectively release the lessor from liability which results from damage to person or property which is due to the ordinary negligence of the lessor. *Plaza Hotel Co. v. Fine Products Corp.*, 87 Ga. App. 460 (74 SE2d 372); *Carter v. Noe*, 118 Ga. App. 298 (163 SE2d 348); *Camp v. Roswell Wieuca Court Apts.*, 127 Ga. App. 67 (192 SE2d 499). However, such release clauses cannot relieve a lessor from liability for wilful or wanton conduct. *Brady v. Glosson*, 87 Ga. App. 476 (74 SE2d 253); *Hawes v. Central of Georgia R. Co.*, 117 Ga. App. 771 (162 SE2d 14). Thus, paragraph 8 of the lease agreement cannot relieve defendant from liability for the deliberate act of omission alleged in the third count of plaintiff's complaint.

2. Defendant concedes that the third count of plaintiff's complaint referred to above sets forth a claim for wilful or wanton injury and therefore that the exculpatory clause in the lease agreement does not govern this particular count. However, defendant contends that it was under no duty, as plaintiff's landlord, to protect plaintiff from the criminal acts of an intruder; and that, as the trial court ruled below, it cannot be held accountable for the intervening criminal acts of a third party even if it had been wantonly negligent.

Defendant's contention is adversely controlled by *Warner v. Arnold*, 133 Ga. App. 174 (210 SE2d 350). In that case, a burglar feloniously entered plaintiffs' apartment (which plaintiffs leased from defendant) and set fire to various items of personalty. Prior to the break-in plaintiffs requested that an additional lock be placed on their apartment door because other burglaries had taken place in the apartment building; but no action was taken to fulfill this request. In ruling that the trial court properly denied defendant's summary judgment motion, the following verbiage regarding a landlord's modern duty was quoted approvingly from Ramsay v.

Morrissette, 252 A2d 509 (D. C. App.): "We have heretofore made clear as to apartment houses, the reasons which underlie the landlord's duty under modern conditions, and which, as to various hazards, call for at least 'reasonable or ordinary care, which means reasonably safe conduct, but there is no sufficient reason for requiring less.' True, the landlord does not become the guarantor of the safety of his tenant. But, if he knows, or in the exercise of ordinary care ought to know, of a possibly dangerous situation and fails to take such steps as an ordinarily prudent person, in view of existing circumstances, would have exercised to avoid injury to his tenant, he may be liable . . ." And as to the landlord's argument that the criminal act constituted an intervening cause and relieved that landlord of liability, this court said: "Generally, where there has intervened between the defendant's negligence and the injury an independent, illegal act of a third person producing the injury, and without which it would not have occurred, such independent criminal act should be treated as the proximate cause, insulating and excluding the negligence of the defendant. [Cits.] However, the above rule has been held inapplicable if the defendant (original wrong-doer) had reasonable grounds for apprehending that such criminal act would be committed. [Cits.]" *Warner v. Arnold,* supra, p. 176.

3. The complaint, as noted above, is in four counts. Since defendant is not entitled to judgment as a matter of law as to all of the counts, the trial court erred in granting defendant's motion for summary judgment. *Georgia Ports Authority v. Norair Engineering Corp.,* 131 Ga. App. 618 (206 SE2d 563).

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 10, 1975 — DECIDED FEBRUARY 11, 1975.

*Nall, Miller & Cadenhead, A. Paul Cadenhead, David G. Crockett,* for appellant.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr., George C. Reid,* for appellee.