## 51184. TEK-AID, INC. v. EISENBERG.

PANNELL, Presiding Judge.

1. Where a lease contains a provision that "tenant for himself, his family, servants and guests releases landlord for any damage from water or steam, which risk tenant hereby assumes," the landlord cannot be held liable for damages by water to the lessee's data processing equipment located on the leased premises, nor for loss of business occasioned thereby, the water being caused by excessive water standing on the roof of the building, of which the leased premises was a part, because of lack of proper drainage from the roof caused by the landlord's negligence. *Capital Wall Paper Co. v. Callan Court Co.*, 38 Ga. App. 428 (1) (144 SE 135); *Plaza Hotel Co. v. Fine Products Corp.*, 87 Ga. App. 460, 462 (74 SE2d 372); *Carter v. Noe,* 118 Ga. App. 298 (2) (163 SE2d 348); *Camp v. Roswell Wieuca Court Apts.*, 127 Ga. App. 67 (192 SE2d 499).

That the leased premises was a part of a building and on a ground floor thereof, with six floors between the leased premises and the roof from which the water came, does not bring this case within the ambit of *Insurance Co. of N. A. v. Gulf Oil Corp.*, 106 Ga. App. 382, 388 (127 SE2d 43), this for the reason that the breach of duty sued upon in the present case is the breach of a duty of a landlord owed to a tenant, whereas, in the *Gulf* case, "The negligence upon which the . . . suit is based was not negligence of Gulf as lessor in performing any duty with respect to the leased premises, but was committed outside the leased premises and had no relationship to the rights and duties created by the lease."

2. However, such releases have been held to be limited to negligent acts, and the landlord may still be liable for acts which are wilful and wanton. *King v. Smith,* 47 Ga. App. 360, 364 (2) (170 SE 546); *Sinclair Refining Co. v. Reid,* 60 Ga. App. 119, 122 (3 SE2d 121); *Brady v. Glosson,* 87 Ga. App. 476, 478 (74 SE2d 253). While the complaint contains no allegations that the acts charged as negligence were wilful and wanton, the proof submitted on motions for summary judgment by both the complainant and the defendant shows that several years

prior to the occurrence in question a penthouse was built on the roof of the building, but the evidence is in conflict as to whether this closed up all drains from the roof with the exception of one (in violation of a city ordinance of the City of Savannah, allegedly requiring bigger or additional drains for a roof the size of that involved in the present case, both at the time of the building of the penthouse and at the time of the occurrence in question), or whether the drains were merely extended and operable. If the former, whether such acts were wilful and wanton was a question for the jury. Also it was a jury question whether the proximate cause of the accumulation of water on the roof was inadequate drains or the severe wind and rainstorm which deposited leaves and debris on the roof and which clogged the drain; and, if the latter, it was a question for the jury as to whether the storm which occurred on the occasion under investigation and which resulted in the roof drain being clogged with debris of tree leaves and small branches was an act of God, relieving the landlord from liability. Code § 102-103.

" 'The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings *and the evidence* ... The grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper, when the party making the motion for summary judgment is not required to carry the burden on the trial of the case.' *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2, 3) (13 SE2d 114)." (Emphasis supplied.) *Morrow v. Thomason,* 127 Ga. App. 309, 310 (193 SE2d 256).

3. The trial judge erred in granting the landlord's motion for summary judgment but did not err in overruling the tenant's motion for summary judgment.

*Judgment reversed in part and affirmed in part. Quillian and Webb, JJ., concur.*

Argued October 8, 1975 — Decided December 5, 1975 — Rehearing denied December 18, 1975 —

*David H. Fritts,* for appellant.
*Falligant, Karsmen, Kent & Toporek, Martin Kent,* for appellee.