## 54799. F. P. PLAZA, INC. v. SUGRUE et al.

BELL, Chief Judge.
This appeal is before us as the result of our granting an application for an interlocutory appeal. The appeal concerns three separate suits for damages against Flint Electric Membership Corporation, and F. P. Plaza, Inc. According to the complaints, the plaintiffs entered into individual leases of storeroom space in Houston Mall Shopping Center owned and operated by defendant F. P.

Plaza, Inc. A copy of the lease was attached to each complaint. It was alleged in the complaints that an electrical fire occurred in an electric transformer room located inside the shopping center, which transformer was negligently installed and used for the transmission of electric current by the defendant electric corporation. With respect to the defendant F. P. Plaza, Inc., it was alleged that it was negligent in the construction of the transformer room; that the transformer room and the storerooms leased by plaintiffs were not adequately sealed to protect against possible smoke or fire damage; and that safety devices were not installed around the transformer; and that the fire and resulting smoke and soot damaged the contents in the leased premises. The defendant landlord's answer denied the allegations of negligence and pleaded as separate affirmative defenses two provisions of the lease agreement. They were, *One:* "Tenant covenants and agrees that all personal property of every kind or description which may at any time be in the Demised Premises shall be at Tenant's sole risk, or at the risk of those claiming under Tenant, and Landlord shall not be liable for any damage to said property or loss suffered by the business or occupation of Tenant arising from the bursting, overflowing or leaking of water, sprinkler, if applicable, sewer or steam pipes or from the heating or plumbing fixtures or from electric wires or from gas or odors *or caused in any manner whatsoever.*" *Two:* "All fire and extended coverage insurance, boiler insurance, and other insurance carried either by Landlord or Tenant covering losses arising out of destruction *or* damage to the Demised Premises or its contents or to other portions of the Shopping Center shall provide for a waiver of subrogation against Landlord and Tenant on the part of the insurance carrier," and that plaintiffs failed to provide insurance with a waiver of subrogation. The plaintiffs' motion to strike these defenses was granted. *Held:*

1. The first clause of the lease quoted is an exculpatory clause. We have held that an exculpatory clause in a lease will relieve a lessor from liability for damages caused by a breach of its legal duties as a landlord but will not relieve the lessor of liability for

negligence with respect to other legal duties owed the tenant not arising out of the lease relationship. *Insurance Co. of N. A. v. Gulf Oil Corp.,* 106 Ga. App. 382 (127 SE2d 43). Plaintiffs argue that the loss here did not occur as a result of any breach of duty that arose out of the landlord-tenant relationship. The complaint, however, alleges to the contrary for it was alleged that the fire occurred *inside* the shopping mall; that as a result of the defective construction of the walls of the shopping center great amounts of soot and smoke poured through the roof of the plaintiffs' storerooms causing the damage to plaintiffs' property. At the very least, this presents a factual issue on the question of whether these alleged acts of negligence arose out of the landlord and tenant relationship. A defense should not be stricken unless it appears to a certainty that plaintiff would succeed despite any state of facts which could be proved in support of the defense. *Unigard Ins. Co. v. Kemp,* 141 Ga. App. 698 (234 SE2d 539). It was error to strike this defense.

2. The same rule on striking defenses must be applied to the provision of the lease concerning the waiver of subrogation against either the landlord or tenant. If the evidence shows as defendants claim that plaintiff did not provide insurance with a waiver of subrogation and that at least part of the claims are subrogation claims by an insurer, this provision could defeat part of the claims. This defense was erroneously stricken.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED OCTOBER 31, 1977 — DECIDED JANUARY 18, 1978.

*Savell, Williams, Cox & Angel, Edward L. Savell,* for appellant.

*Nixon & Nixon, John P. Nixon, Jon A. Nixon, Lokey & Bowden, Glenn Frick,* for appellees.