## 59545. HAYNES v. HOUSING AUTHORITY OF THE CITY OF ATLANTA.

SHULMAN, Judge.

Plaintiff-tenant brought suit against defendant-landlord, the Atlanta Housing Authority, to recover the value of certain items allegedly stolen from her apartment by persons unknown. Under the authority of *Warner v. Arnold,* 133 Ga. App. 174 (2) (210 SE2d 350); and *Smith v. Gen. Apt. Co.,* 133 Ga. App. 927 (2) (213 SE2d 74), plaintiff contended that she suffered the loss as a result of defendant's negligent failure to maintain the premises in a reasonably safe and burglar-resistant condition, and that she was entitled to recover the value of such stolen property from the defendant. The jury returned a verdict in favor of defendant, which verdict was entered as the judgment of the trial court. We affirm.

1. Plaintiff-appellant contends that the trial court committed reversible error in failing to allow into evidence, on the ground of irrelevancy, a handbook issued by the United States Department of Housing and Urban Development, which document, denominated "Urban Renewal Handbook," set forth standards of safety for the Local Public Authority (LPA).

Since the particular provision, RHA 7211.1, which appellant contends should have been admitted into evidence, sets forth safety guidelines for the LPA to follow solely in regard to urban renewal property management and not the management of public housing (as is involved in the case at bar), we must agree with appellee's assertions that the exclusion of RHA 7211.1 was not error. (Concomitantly, the trial court's refusal to charge on the handbook, for the same reason, was not error.)

2. We cannot agree that the trial court erred in charging the jury that a landlord is not statutorily or otherwise legally obligated to equip apartments with burglar bars. Plaintiff does not challenge the substance of the court's instruction, but contends that, by virtue of such instruction, the court implied that defendant's failure to install burglar bars could not, under any circumstances, constitute an act of negligence.

The charge when read as a whole does not support plaintiff's contention. The trial court instructed the jury that it was the duty of the landlord "if he knows or in the exercise of ordinary care ought to know of a possible dangerous situation . . . to take such steps as an ordinarily prudent person, in view of the existing circumstances, would have exercised to avoid injury to his tenant . . . The test is what is reasonable in all the circumstances." Contrary to appellant's contentions, the court's instructions did not imply that

the failure to install burglar bars could never constitute negligence, but that the jury must consider, under the circumstances, what measures or actions would be necessary for the landlord to assume in order to reasonably secure the safety and protection of its tenants and their personal property. Since this charge is in accordance with the principles set forth in *Warner,* supra, and *Smith,* supra, we find no error in the charge as given.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED MARCH 3, 1980 — DECIDED APRIL 18, 1980 — REHEARING DENIED MAY 5, 1980 —

*Kenneth G. Levin,* for appellant.
*Lenwood A. Jackson,* for appellee.