## 62477. BURSON v. COPELAND.

SHULMAN, Presiding Judge.

Appellee leased a bin in a convenience warehouse from appellant. When he discovered that all the goods he had stored there had been removed, appellee brought suit against appellant. This appeal is from a judgment entered upon a jury verdict for appellee.

1. Appellant requested a jury charge on intervening criminal acts. We agree with appellant that the trial court's refusal to give the charge was reversible error.

"The trial judge's refusal to charge a pertinent and correct request is reversible error. [Cit.]" *Walburn v. Taunton,* 107 Ga. App. 411, 412 (130 SE2d 279). The charge requested by appellant was as follows: "I charge you, Ladies and Gentlemen, that it is a well recognized principle that where there has intervened between the Defendant's negligent act and damages an independent illegal act of a third person producing the damage, and without which it would not have happened, the latter criminal act is the proximate cause of the injury unless said act could be reasonably foreseen by the Defendant." That request is an accurate statement of the law as expressed in *Warner v. Arnold,* 133 Ga. App. 174 (2) (210 SE2d 350). The evidence supported a conclusion that appellee's belongings were removed from the premises he leased from appellant by the criminal

act of a third person. The request was timely and appellant's counsel made an appropriate objection to the trial court's refusal to give the instruction. Since the principle embodied in the charge was not covered in the jury instructions at all and was one of appellant's chief defenses, we are constrained to hold that the trial court's refusal to charge as requested was reversible error.

2. Appellant has enumerated as error the trial court's charge that appellant could be held liable for gross negligence. Appellant requested that charge, contending that an exculpatory clause in the lease contract insulated him from liability for his own ordinary negligence. On appeal, however, appellant argues that, because of the exculpatory clause, he can be held liable only for wilful and wanton misconduct; that is, "conduct so charged with reckless indifference to consequences that the jury may find it equivalent in spirit to actual intent." *Ragland v. Rooker,* 124 Ga. App. 361, 366 (183 SE2d 579). Based on his assertion concerning the standard of care to be applied, appellant argues on appeal that his motions for directed verdict and for judgment notwithstanding the verdict or, in the alternative, for new trial should have been granted. Associated with that argument is appellant's assertion that it was error to enter judgment on the jury's verdict because the evidence did not support a verdict for appellee no matter which standard of care was applied. We find no merit in any of appellant's arguments on these issues.

Appellant relies on *Ragland v. Rooker,* supra; *Sport Shop, Inc. v. Churchwell,* 131 Ga. App. 718 (2) (206 SE2d 715); and *Mossie v. Pilgrim Self-Service Storage,* 150 Ga. App. 715 (258 SE2d 548), for the proposition that an exculpatory clause in a lease is effective to protect the lessor from liability for his own negligence. Unfortunately for appellant, the first two of those cases and "any other cases to like effect" have been overruled by the Supreme Court in *Country Club Apartments v. Scott,* 246 Ga. 443, 445 (271 SE2d 841). The basis for the Supreme Court's opinion was that such clauses are void as against the public policy of this state, a public policy announced by the legislature in 1970 and reinforced in 1976. It appears, therefore, that notwithstanding the exculpatory clause in the lease agreement, appellant is liable for any damages incurred by appellee as a proximate result of appellant's ordinary negligence. See also *Country Club Apartments v. Scott,* 154 Ga. App. 217 (267 SE2d 811). Although the lease involved in *Country Club Apartments v. Scott,* 246 Ga. 443, supra, was a residential one, it is apparent that the Supreme Court intended to strike down exculpatory clauses in all leases, including commercial leases, since *Sport Shop, Inc. v. Churchwell,* supra; *Tek-Aid, Inc. v. Eisenberg,* 137 Ga. App. 99 (223 SE2d 29); and *F. P. Plaza, Inc. v. Sugrue,* 144 Ga. App. 543 (1) (241 SE2d 644), all

involved commercial leases and were expressly overruled by the Supreme Court. We hold, therefore, that a charge on gross negligence would, indeed, be error upon a retrial of this case. The standard of care applicable in this case is ordinary care.

3. The admission into evidence of expert testimony concerning the design of the bin from which appellee's goods were taken has been enumerated as error. We find no error.

"Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. [Cit.] We find no such abuse in this case." *Kelly v. Floor Bazaar, Inc.,* 153 Ga. App. 163, 165 (264 SE2d 697). The expert in this case established his expertise to the satisfaction of the trial court by testimony concerning his experience in the construction business. We see no reason to disturb the trial court's ruling on the admissibility of the witness' testimony.

4. In his final enumeration of error, appellant contends that the trial court erred in entering judgment upon the jury verdict because appellee totally failed to prove damages. That argument is based on appellant's assertion that appellee presented nothing more than hearsay testimony of purchase prices for the items appellee claimed were lost while stored on appellant's premises.

"It is true that testimony as to the cost price of an item standing alone is insufficient data upon which to base an opinion as to the value of the thing. [Cit.] But it is also true that the cost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value. [Cit.]" *King v. Sinyard,* 139 Ga. App. 14, 16 (227 SE2d 834). Appellee's testimony was that he checked with the donors of several items which were gifts to ascertain their cost, that he checked catalogs to determine the cost of other items, and that he then considered the age of each item and attempted to reach a fair value based on cost and age. We agree with the trial court that appellee's testimony sufficiently demonstrated that he had had an opportunity to form a correct opinion as to the value of the items lost. See *Hoard v. Wiley,* 113 Ga. App. 328 (1) (147 SE2d 782). It follows that the evidence of value was sufficient to support a verdict and there was no error in entering judgment for appellee on the verdict.

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

DECIDED NOVEMBER 24, 1981.

*Arthur H. Glaser,* for appellant.

*Martin F. Hale, Charles Day,* for appellee.