PETER MILLER, Appellant, *v.* A & R JOINT VENTURE, JOSEPH F. ARROYO, JOHNNY RIBEIRO, Respondents.

No. 12669

November 24, 1981          636 P.2d 277

*Chubb & Silverman,* Sparks, for Appellant.

*Leggett & Hamilton,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Peter Miller brought an action against A & R Joint Venture, Joseph Arroyo, and Johnny Ribeiro (A & R) in the district court, for personal injuries suffered when Miller fell on ice on the sidewalk outside the print shop he had leased from A & R. The district court granted A & R's motion for summary judgment. Miller appeals.

## THE FACTS

In September of 1977, Miller leased space from A & R in a commercial development constructed by them, for the operation of his business, a printing shop. The lease contained a provision requiring A & R to maintain the sidewalks and exterior areas, but relieving A & R from all liability resulting from their failure to maintain these areas, unless Miller gave them written notice of the need to repair the premises.[1] Miller never gave any notice of any need to repair.

In November of 1978, while on his way to the communal bathroom, Miller slipped on an icy path that had accumulated on the sidewalk outside his shop. The cause of the accumulation of ice was alleged to be insufficient drainage caused by the design of the sidewalk, in violation of the municipal building code, Sparks Municipal Code § 15.04.010; Uniform Building Code § 2905(f). Miller broke his leg in the fall, and was unable to continue working as a printer.

Miller sued A & R for his injuries, alleging negligent construction of the sidewalk, and negligent failure to maintain safely the icy area. A & R moved for summary judgment, asserting the exculpatory provision of the lease as a complete defense. The district judge granted the motion, finding that the notice provision had not been complied with, and that the action was therefore barred.

---

[1]Clause 10 of the lease provided, in pertinent part:

Lessor shall, at Lessor's expense, repair and maintain only the exterior walls, exterior roof and cement-embedded or sub-surface non-accessible plumbing, sidewalks, driveways, landscaping, parking lots of said premises. . . . *Lessor shall not be liable to Lessee or any other party whatsoever for any damage or injury caused by Lessor's failure to keep or maintain said exterior walls, exterior roof, cement-embedded or sub-surface non-accessible plumbing, landscaping, sidewalks, driveways and parking lots unless Lessee has given Lessor or Lessor's agent designated herein written notice of the need to repair said portions of said premises and Lessor has failed to make said repairs within a reasonable time after receiving written notice.* (Emphasis added.)

## THE EXCULPATORY PROVISION OF THE LEASE

On this appeal, Miller argues that the exculpatory provision of the lease violates public policy, and is therefore invalid, insofar as it shields A & R from civil liability for damages resulting from a building code violation.

An exculpatory provision such as the one in this case is generally regarded as a valid exercise of the freedom of contract. *See, e.g.,* F. P. Plaza, Inc. v. Sugrue, 241 S.E.2d 644 (Ga.App. 1978); Commercial Warehouse Co. v. Hyder Brothers Inc., 411 P.2d 978 (N.M. 1965). We are not convinced that public policy requires us to refuse to enforce this provision, which was freely contracted to by the parties. The lease provision was a valid exercise of the freedom of contract. *See* Swisscraft Novelty Co. v. Alad Realty Corp., 274 A.2d 59 (N.J.Super. 1971). The lessee failed to give the lessor the written notice of the need to repair the premises as mandated by the lease agreement. We therefore affirm the order of the district court granting summary judgment.

GUNDERSON, C. J., and SPRINGER and MOWBRAY, JJ., and ZENOFF, Sr. J.,[2] concur.

---

[2]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CAMERON BATJER, Justice. Nev. Const. art. 6, § 19; SCR 10.

THE HONORABLE NOEL MANOUKIAN, Justice, with the consent of counsel, voluntarily recused himself and has taken no part in the decision of this appeal.