**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A2438. ST. JUDE'S RECOVERY CENTER, INC. v. VAUGHN.

MCFADDEN, Chief Judge.

St. Jude's Recovery Center, Inc., a drug treatment facility, appeals the order denying its motion for summary judgment in this action filed by Laura Vaughn, a former resident who was raped by an unknown assailant when she was walking to a bus stop three-quarters of a mile away from the facility. St. Jude's argues, among other things, that any breach of duty was not the proximate cause of Vaughn's injuries. We agree and therefore we reverse the order denying the motion for summary judgment.

1. *Facts*.

A trial court properly grants summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law[.]" OCGA § 9-11-56 (c). "In our de novo review of the grant or denial of a motion for summary judgment, we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." *AgSouth Farm Credit, ACA v. West*, __ Ga. App. __, __ (835 SE2d 730) (2019) (citations and punctuation omitted).

So viewed, the record shows that St. Jude's is a 22-bed, residential rehabilitation facility located in metro Atlanta. Its residents are subject to strict rules, including that they obtain employment of at least 35 hours per week. The residents must be back at the facility by 6 p.m. each day, which means they must work shifts that begin early in the day.

Vaughn became a St. Jude's resident after pleading guilty to certain crimes and choosing to complete an inpatient drug treatment program and probation instead of serving a term of incarceration. In accordance with the program's rules, Vaughn obtained a job at a fast food restaurant. While she was in the program, she was not

permitted to drive, so she took MARTA to work. She caught the bus at a bus stop designated by St. Jude's, which was three-quarters of a mile from the facility.

On the morning of the rape, Vaughn overslept and missed her 5:48 a.m. bus by two minutes. It was dark outside and the next bus would not arrive for 40 minutes. So Vaughn walked to a nearby convenience store to buy a pack of cigarettes.

Vaughn exited the convenience store and started walking toward her bus stop. A man approached her and asked for directions to Five Points. Vaughn answered, but instead of going in the direction Vaughn had indicated, the man continued to walk in front of her. Then he turned around, grabbed Vaughn, pointed a gun at her face, dragged her to the woodline along the side of the road, and raped her.

Vaughn filed this action asserting that St. Jude's breached a duty of care to ensure her safety. St. Jude's filed a motion for summary judgment. The trial court denied the motion, we granted the application for interlocutory appeal filed by St. Jude's, and this appeal followed.

2. *Analysis*.

"[T]o recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, causation and damages." *Goldstein, Garber & Salama, LLC v. J. B.*, 300 Ga. 840, 841 (1) (797 SE2d 87) (2017) (citation

and punctuation omitted). A defendant is entitled to summary judgment if the record shows a lack of evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. See, e.g., *Barrett Properties v. Roberts Capitol*, 316 Ga. App. 507, 510 (1) (729 SE2d 621) (2012) (defendants were entitled to summary judgment on plaintiff's common law tort claims, given lack of evidence that defendants were the proximate cause of any harm to plaintiff).

St. Jude's is entitled to summary judgment on Vaughn's claims because the undisputed evidence shows that the actions of the rapist were the proximate cause of her injury. "[T]he rule is that an intervening and independent wrongful act of a third person producing the injury, and without which it would not have occurred, should be treated as the proximate cause, insulating and excluding the negligence of the defendant." *Goldstein*, 300 Ga. at 841 (1) (citation and punctuation omitted). Vaughn invokes an exception to the rule. Under that exception, a defendant is not insulated from liability by the intervening act of a third party when

> the defendant had reasonable grounds for apprehending that such
> wrongful act would be committed. Stated differently, if the character of
> the intervening act claimed to break the connection between the original
> wrongful act and the subsequent injury was such that its probable or
> natural consequences could reasonably have been anticipated,
> apprehended, or foreseen by the original wrong-doer, the causal

4

connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act.

Id. at 841-842 (1) (citations and punctuation omitted). "Foreseeable consequences are those which, *because they happen so frequently*, may be expected to happen again." *Med. Center Hosp. Auth. v. Cavender*, 331 Ga. App. 469, 475 (1) (a) (771 SE2d 153) (2015) (premises liability) (citation and punctuation omitted; emphasis in original). In other words, "a wrongdoer is not responsible for a consequence which is merely possible, according to occasional experience, *but only for a consequence which is probable*, according to ordinary and usual experience." *Goldstein*, 300 Ga. at 842 (1) (citation and punctuation omitted; emphasis supplied).

Vaughn argues the rapist's conduct does not insulate St. Jude's from liability because the intervening criminal conduct was foreseeable. She points to the testimony of a former St. Jude's resident assistant that "anything could happen" when walking the path Vaughn took in the dark and that the resident assistant would "never" have felt safe if she had to walk alone in the early morning darkness from the facility to the MARTA bus stop. Vaughn points to the resident assistant's testimony that "[s]ome of the ladies have come back [from the bus stop] . . . one time they were saying that some guy was following them. Then you would have construction going on and those

guys would be following them back, trying to talk to them or walking with them or yelling and screaming, harassing them for the most part." Finally, Vaughn points to the resident assistant's testimony that there was no doubt in her mind that St. Jude's knew its residents were vulnerable to crime.

Vaughn points to the testimony of the CEO of St. Jude's that she had heard of residents being harassed by men when walking from the facility to the bus stop — but that was after the date Vaughn was raped. She points to the CEO's testimony, when asked if she would walk down the dark path where Vaughn was raped, that "I wouldn't — if I could take a vehicle, I would."

Vaughn points to her own testimony that "[a]ll of the girls [at St. Jude's] hated any time [they] had to walk alone, but, more especially, if [they] had to get up early and go to work and walk alone [because] Atlanta is dangerous" and that they "all" expressed their concern.

That evidence is not sufficient. Cases involving the liability of landlords, property owners, and their agents for third-party criminal acts are informative. See *Tyner v. Matta-Troncoso*, 305 Ga. 480, 485 n. 7 (3) (826 SE2d 100) (2019). We have found sufficient in that context evidence that apartment houses under the control of a defendant are repeatedly burglarized and the defendant is informed that the locks

6

or other security measures are inadequate. See, e.g., *Haynes v. Housing Auth. of Atlanta*, 154 Ga. App. 519 (268 SE2d 741) (1980); *Smith v. Gen. Apartment Co.*, 133 Ga. App. 927 (213 SE2d 74) (1975), overruled on other grounds in *Country Club Apartments v. Scott*, 246 Ga. 443 (271 SE2d 841) (1980); *Warner v. Arnold*, 133 Ga. App. 174 (210 SE2d 350) (1974). We have found sufficient evidence that the operator of a store which had been robbed numerous times before, hired a company to provide a stakeout unit. *Lay v. Munford, Inc.*, 235 Ga. 340 (219 SE2d 416) (1975). We have found sufficient evidence that a realtor used a lock box key security system, knowing of prior house break-ins through the use of such system. *Moore v. Harry Norman Realtors*, 199 Ga. App. 233 (404 SE2d 793) (1991).

> But
>
> for any . . . breach [of duty] to be considered the proximate cause of [Vaughn's] injuries, [the rapist's] criminal acts must be the probable or natural consequences of that breach, and it must be the case that those criminal acts could reasonably have been anticipated, apprehended, or foreseen by [St. Jude's]. The evidence [Vaughn points to] simply does not show that [the rapist's] acts can be so considered.

*Goldstein*, 300 Ga. at 843 (1) (footnote, citations, and punctuation omitted). In *Goldstein* our Supreme Court held evidence that the dental profession was aware that

7

sexual assaults of sedated patients can occur and should never happen did not show that a dental practice reasonably could have anticipated its nurse anesthetist's sexual molestation of a sedated patient. See also *Walker v. Sturbridge Partners*, 221 Ga. App. 36, 39 (2) (470 SE2d 738) (1996) ("[e]vidence of cat-calling and other boorish behavior" did not make risk of rape foreseeable); *Doe v. Howell*, 212 Ga. App. 305, 305-306 (1) (441 SE2d 767) (1994) (absent evidence that third party had criminal propensities or that prior, similar acts had occurred, defendant did not have reasonable grounds for apprehending that criminal act would be committed).

Vaughn argues that St. Jude's knew of the danger of sending vulnerable women such as herself into the area where she was raped. But our Supreme Court, in reversing this court, has clearly held that the fact that a plaintiff was vulnerable does not make an attack upon her foreseeable. In *Goldstein, Garber & Salama, LLC v. J. B.*, 335 Ga. App. 416 (779 SE2d 484) (2015), this court considered the plaintiff's vulnerability stemming from her sedation for a dental procedure to determine that the dental practice should have anticipated the type of harm she suffered, a sexual assault by a nurse. Id. at 419-420 (2) (a). Our Supreme Court reversed, expressly rejecting this analysis and instead holding that the evidence was plain and indisputable that the

8

dental practice could not have reasonably foreseen the third-party criminal act, even though the plaintiff was a "vulnerable target." *Goldstein*, 300 Ga. at 841-843 (1).

"[W]ithout reasonable foreseeability — a hallmark of proximate cause — there exists no genuine issue of material fact as to the third element of [Vaughn's] negligence claim: causation." *Tyner*, 305 Ga. at 488 (3). So the trial court erred by denying the summary judgment motion filed by St. Jude's, and we reverse.

*Judgment reversed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*